# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WYNSTON DAY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 16-cv-1272-JES |
| ) | |
| LT. SKEENS, et al., ) | |
| ) | |
| Defendants. ) | |

### MERIT REVIEW OF AMENDED COMPLAINT

Plaintiff, proceeding pro se, files an Amended Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Pinckneyville Correctional Center Defendants Lt. Skeens, Patricia Brady, Officer Hubert, Officer Torres and Officer Lindsay were deliberately indifferent to his serious medical needs and violated his rights under the Americans with Disabilities Act ("ADA"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on March 21, 2016, he was suicidal and requested to see a crisis team member.   Plaintiff was moved to one gallery and Patricia Brady, a Mental Health

Professional ("MHP") was called. Plaintiff was told that Ms. Brady was in consultation with a number inmate and was made to wait. After 45 minutes of waiting Defendant Skeens approached the cage where Plaintiff was being held. When told that Plaintiff was waiting to see a crisis team member, Defendant Skeens allegedly stated that he did not care if Plaintiff killed himself. Defendant Brady came out several times to use the phone. It is unclear whether Plaintiff spoke to her, or whether she was aware that he was waiting to be seen.

Defendant Hubert allegedly told Defendant Skeens, once again, that Plaintiff wanted to be seen by a crisis team. At that point, Defendant Skeens allegedly ordered that Plaintiff be returned to his cell. Plaintiff shouted to Defendant Brady who was about 15 feet away, telling her he was suicidal. She allegedly ignored him.

Plaintiff alleges that Defendants Hubert, Lindsay and Torres forcibly took him back to his cell. Plaintiff alleges that Defendant Skeens accompanied them from behind, pushing Plaintiff forward. Plaintiff alleges that he screamed to to Dr. McCormick "trying to tell him what was going on," but does not allege that Dr. McCormick saw him, or was aware of the situation.

Plaintiff alleges that he attempted to hang himself using his jumpsuit as a noose. The noose gave way, however, causing him to fall to the floor. When he attempted to stand, he became dizzy and passed out. When Plaintiff awoke he was being handcuffed and shackled and was thereafter placed on a 10 minute suicide watch. Plaintiff claims to have sustained an injury to his neck which is healing.

**IT IS THEREFORE ORDERED:**

1.    This case shall proceed against Defendants Skeens, Brady, Hubert, Torres and Lindsay for the deliberate indifference and ADA claims identified herein. Any claims not

identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2.     The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3.     If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4.     Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

**5.     When Defendants file their Answer, counsel is to contact the Court to schedule a short, Rule 16 telephone conference.**

6.     Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.

Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

 1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT

DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

| | |
|---|---|
| _11/8/2016_ <br> ENTERED | s/James E. Shadid <br> JAMES E. SHADID <br> UNITED STATES DISTRICT JUDGE |